UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-04360-RGK-E | Date | August 19, 2020 |
|---|---|---|---|
| Title | *FINSA PORTAFOLIOS, S.A. de C.V. et al. v. OPENGATE CAPITAL, LLC et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Defendants' Motion for Reconsideration re: Order to Reopen Case [DE 86]; Defendants' Motion to Dismiss [DE 87]**

I. **INTRODUCTION**

On June 6, 2017, Plaintiffs Finsa Portafolios, S.A. de C.V. and FINSA CKD M Fideicomiso CIB/2017 (collectively, "FINSA" or "Plaintiffs") filed a Complaint alleging fraud and breach of contract by OpenGate Capital, LLC and OpenGate Publishing, LLC (collectively, "OpenGate" or "Defendants") and five of their subsidiaries in connection with the sale of a manufacturing facility in Mexico.

On September 26, 2017, this Court granted Defendants' motion to dismiss for forum non conveniens. On April 25, 2019, the Ninth Circuit affirmed that Order, but noted that if Plaintiffs failed to obtain an adequate alternate forum in Mexico, this Court should fully consider a motion to reopen the case brought under Rule 60.

On January 20, 2020, Plaintiffs filed a motion to reopen on the basis that a Mexican Court in the relevant district found that it had no jurisdiction over OpenGate. This Court denied that motion on the basis that Plaintiffs had never notified OpenGate of the Mexican litigation or afforded them the opportunity to consent to jurisdiction there, in spite of OpenGate's previous representations that it was willing to do so. This Court noted, however, that should OpenGate fail to consent to jurisdiction as promised, Plaintiffs could again seek to reopen this case. (*See* ECF No. 75.)

Following discussion between the parties, Plaintiffs again moved to reopen this case, and on May 8, 2020, this Court granted Plaintiffs' motion on the basis that Defendants had failed to consent to have their fraud claims heard before a Mexican court. (ECF No. 83.)

Presently before the Court are Defendants' Motion for Reconsideration (ECF No. 86), and Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC"). (ECF No. 87.) For the following reasons, the Court **DENIES** both motions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-04360-RGK-E | Date | August 19, 2020 |
|---|---|---|---|
| Title | *FINSA PORTAFOLIOS, S.A. de C.V. et al. v. OPENGATE CAPITAL, LLC et al.* | | |

## II. FACTUAL BACKGROUND

The Parties and their related entities in this litigation are as follows:[1]

FINSA Portafolios, S.A. de C.V. is a Mexican corporation with its principal place of business in Mexico. FINSA CKD M Fideicomiso CIB/2017 is a Mexican trust with its principal place of business in Mexico.

OpenGate Capital, LLC is a private equity firm incorporated in California with its principal place of business in Los Angeles, California. Open Publishing, LLC is a holding company incorporated in Delaware with its principal place of business in California.

Hamilton Scientific, LLC ("Hamilton Scientific") is an OpenGate subsidiary incorporated in Delaware and with its principal place of business in Los Angeles. Hamilton Scientific served as the Guarantor of the Purchase and Lease agreement discussed below. It is currently in bankruptcy proceedings.

Fisher Hamilton, S. de R.L. de C.V. ("Fisher Hamilton") is an OpenGate subsidiary organized under Mexican Law. Fisher Hamilton is the signatory to the purchase and lease agreement discussed below.

RoundRock 092012 LLC, RoundRock Scientific International, LLC, and RoundRock Mexico, LLC (collectively, "the RoundRock entities") are companies in OpenGate's corporate structure. Fisher Hamilton is a subsidiary of RoundRock Scientific and RoundRock Mexico, which are in turn subsidiaries of RoundRock 092012, which is a subsidiary of Open Publishing, LLC, which is a subsidiary of the ultimate parent company OpenGate. The RoundRock entities are currently in bankruptcy proceedings.

Plaintiffs' FAC alleges as follows:

In October 2012, Defendant OpenGate purchased a Laboratory Workstations Business in Reynosa, Mexico from non-party Thermo Fisher Scientific, Inc. ("Thermo Fisher"). The Laboratory Workstations Business was composed of multiple entities, including the Mexican company Fisher Hamilton. OpenGate renamed the Workstations Business Hamilton Scientific.

---

[1] Although for purposes of a motion to dismiss the Court takes Plaintiffs' allegations as true, the Court is not required to disregard the representations contained in a Plaintiffs' prior pleadings. *See Royal Primo Corp. v. Whitewater W. Indus., Ltd*, No. 15-CV-04391-JCS, 2016 WL 4080177, at *6 (N.D. Cal. July 29, 2016) ("The principle that a court may look to prior pleadings in determining the plausibility of an amended complaint is well established.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-04360-RGK-E | Date | August 19, 2020 |
|---|---|---|---|
| Title | ***FINSA PORTAFOLIOS, S.A. de C.V. et al. v. OPENGATE CAPITAL, LLC et al.*** | | |

After completing the purchase, on May 10, 2013, OpenGate filed an action against Thermo Fisher alleging various claims related to issues at the Reynosa Facility (the "Property"), which it had acquired as part of Hamilton Scientific.

On March 24, 2014, OpenGate informed FINSA that it wanted to explore a sale-leaseback agreement for the Property, under which FINSA would purchase the Property from OpenGate's subsidiary Hamilton Scientific and then lease it back to Hamilton Scientific for a period of ten years.

On April 8, 2014, OpenGate employee Virginia Thornton ("Thornton") provided FINSA with financials for Hamilton Scientific, copying OpenGate employee and Hamilton Scientific CEO Jack Roberts ("Roberts") on the email.

On July 7, 2014, Thornton, on behalf of OpenGate, provided FINSA with detailed financial forecasts for Hamilton Scientific, projecting significant growth for the Property's revenues through 2016. On July 29, 2014, Roberts provided FINSA with further details regarding Hamilton Scientific and the Property's growth strategies.

In addition, OpenGate represented that there was no litigation involving the Property when, in fact, OpenGate was actively involved in litigation against Thermo Fisher over the same property it was trying to sell to FINSA. Throughout the negotiations between OpenGate and FINSA, OpenGate employees corresponded using OpenGate email addresses and made representations to FINSA on behalf of OpenGate.

As part of the transaction, OpenGate agreed that its subsidiary would lease back the Property for a ten-year term "mandatory and binding to the Parties," starting on December 11, 2014 and ending on December 31, 2024, and pay rent in the monthly amount of $120,881.15. On December 11, 2014, OpenGate's subsidiaries and FINSA agreed to the sale-leaseback agreement under which FINSA agreed to purchase the Property from Hamilton Scientific for $15.1 million.[2]

After the deal closed, Hamilton Scientific immediately defaulted on its rent payments, and by March 5, 2015, had ceased operations and abandoned the Property. Hamilton Scientific likewise closed its facilities in Wisconsin, Texas and Arkansas and terminated all of the employees at those facilities. The $15.1 million FINSA paid to Hamilton Scientific was immediately funneled to OpenGate, which OpenGate then used to pay other debts.

---

[2] As previously alleged and as discussed in this Court's prior orders, the final contract involved three agreements: the Purchase Agreement, the Lease Agreement, and the Guaranty Agreement (collectively, "the Agreements"). The official parties to the Purchase and Lease Agreements were OpenGate's Mexican subsidiary Fisher Hamilton and FINSA. The official parties to the Guaranty Agreement were OpenGate's U.S. subsidiary Hamilton Scientific and FINSA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-04360-RGK-E | Date | August 19, 2020 |
|---|---|---|---|
| Title | *FINSA PORTAFOLIOS, S.A. de C.V. et al. v. OPENGATE CAPITAL, LLC et al.* | | |

On March 29, 2017, Hamilton Scientific filed for bankruptcy without giving FINSA notice, claiming $40 as its only asset. OpenGate failed to provide FINSA with notice of the bankruptcy filing, and omitted FINSA from its schedules when it filed its bankruptcy petition, despite FINSA being a known creditor of Hamilton Scientific.

### III.   JUDICIAL STANDARDS

#### A.   Motion for Reconsideration

A court has discretion to reconsider a judgment or order pursuant to Rule 59(e) or 60(b). *Sch. Dist. No. 1J Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Absent unusual circumstances, reconsideration is only appropriate where the court is presented with newly discovered evidence, the court committed clear error or the decision was manifestly unjust, or there has been an intervening change in controlling law. *Id.* at 1263. Local Rule 7-18 supplements the Federal Rules as follows:

> A Motion for Reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the moving party for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts present to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

#### B.   Motion to Dismiss Under Rule 12(b)(1)

A party may move to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1). When a party files a motion under Rule 12(b)(1), the non-moving party has the burden of establishing that the court has subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This burden, at the pleading stage, is met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action. *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936).

#### C.   Motion to Dismiss Under Rule 9(b)

When a plaintiff alleges a claim for fraud, the complaint must meet the heightened pleading requirements of Rule 9(b) to survive a motion to dismiss. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). In the Ninth Circuit, Rule 9(b) requires that allegations of fraud "state the time, place, and specific contents of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-04360-RGK-E | Date | August 19, 2020 |
|---|---|---|---|
| Title | *FINSA PORTAFOLIOS, S.A. de C.V. et al. v. OPENGATE CAPITAL, LLC et al.* | | |

Cir. 1986). "Rule 9(b) requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Id.*

### D. Motion to Dismiss Under Rule 12(b)(6)

A complaint can be dismissed under Rule 12(b)(6) if it fails to satisfy the pleading requirements of Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff alleges enough facts to allow the court to draw a reasonable inference that the defendant is liable. *Twombly*, 550 U.S. at 555. When ruling on a 12(b)(6) motion, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).

### E. Motion to Dismiss Under Rule 12(b)(7)

Rule 19(a) states that a person must be joined in a lawsuit if feasible, if (1) "in that person's absence the court cannot grant complete relief amongst the existing parties"; or (2) there will be prejudice to a non-joined person's interest or an existing party's interests. Fed. R. Civ. P. 19(a). Rule 19(b) states that, where a non-party satisfies either of the two criteria in Rule 19(a) but cannot be feasibly joined, the court must determine whether the action should proceed. Fed. R. Civ. P. 19(b). Under Rule 12(b)(7), a defendant may bring a motion to dismiss claims for relief for the failure to join a party under Rule 19. Fed. R. Civ. P. 12(b)(7). The burden of proof for a Rule 12(b)(7) motion is on the moving party. *See Biagro Western Sales, Inc. v. Helena Chem. Co.*, 160 F. Supp. 2d 1136, 1141 (E.D. Cal. 2001) (citing *Citizen Band Potawatomi Indian Tribe of Okla. v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994)). To determine whether Rule 19 requires joinder of additional parties, the court may consider evidence outside of the pleadings. *See McShan v. Sherrill*, 283 F.2d 462, 464 (9th Cir. 1960).

## IV. DISCUSSION

As a threshold issue, the Court declines OpenGate's request to reconsider its Order reopening this case. In its Order dated February 24, 2020, this Court declined Plaintiffs' earlier motion to reopen based on OpenGate's assertion that it would consent to jurisdiction in Mexico for purposes of litigating Plaintiffs' fraud claims. (*See* ECF No. 75.) OpenGate then failed to do so, requiring this Court to reopen the case. (*See* ECF No. 83.) OpenGate now contends that the Court should reconsider that order on the basis that it has now "provided a broad-based, formal consent" to Mexican jurisdiction. (Mot. for Reconsideration 2:18–20, ECF No. 86.)

However, a party's change of preference or litigation strategy does not constitute a material change in fact for purposes of a motion to reconsider. When this Court denied FINSA's earlier request to reopen this case, it stated expressly that it would consider a subsequent motion to reopen "in the event

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-04360-RGK-E | Date | August 19, 2020 |
|---|---|---|---|
| Title | ***FINSA PORTAFOLIOS, S.A. de C.V. et al. v. OPENGATE CAPITAL, LLC et al.*** | | |

that OpenGate fails to consent to jurisdiction before a Mexican court to hear Plaintiffs fraud claims[.]" (ECF No. 75.) OpenGate's failure to provide such consent was an event over which FINSA had no control, and one which was specifically contemplated in the Court's Order. It therefore provided good cause for the Court to revisit its prior finding.

A party cannot, however, characterize its own change of mind as an emergence of new facts for purposes of a motion for reconsideration. Plaintiffs have now waited several years to litigate this case. It would be unjust at this juncture require them yet again to attempt to pursue their claims in Mexico on the basis of Defendants' renewed representations of consent.

Relatedly, OpenGate also contends that in light of its new consent this case should again be dismissed for forum non conveniens. The Court disagrees.

Both this Court and the Ninth Circuit have addressed the issue of forum non conveniens at length in prior orders in this case, and the Court therefore declines to do so again at length here. In order to dismiss a case for forum non conveniens, the Court must find that an adequate alternative forum exists. "An alternative forum ordinarily exists when defendants are amenable to service of process in the foreign forum and when the entire case and all parties can come within the jurisdiction of that forum." *Gutierrez v. Advanced Med. Optics, Inc.*, 640 F.3d 1025, 1029 (9th Cir. 2011) (internal quotations omitted). OpenGate is not subject to service of process in Mexico due to lack of jurisdiction, and it declined to consent to the jurisdiction of a Mexican Court when given the opportunity. The Court therefore finds that Mexico is not an adequate alternative forum and denies Defendants' motion to dismiss on the basis of forum non conveniens.

The Court next turns to OpenGate's other arguments for dismissal. First, OpenGate argues that the Court lacks diversity jurisdiction because the corporate citizenship of Fisher Hamilton, OpenGate's Mexican subsidiary, must be attributed to OpenGate, and the suit is therefore between two Mexican entities. Second, OpenGate argues that FINSA's claims must be dismissed for failure to satisfy Rule 9(b)'s heightened pleading requirements for fraud claims. Third, OpenGate argues that FINSA's second claim for fraudulent concealment must be dismissed under Rule 12(b)(6) for failure to allege a duty. Fourth, OpenGate argues that FINSA's claims must be dismissed for failure to join indispensable parties. The Court addresses these arguments in order.

    A.    <u>Motion to Dismiss under Rule 12(b)(1)</u>

Plaintiffs are both incorporated and have their principal places of business in Mexico. Defendants are incorporated in California and Delaware, and have their principal places of business in California. Accordingly, FINSA asserts that the Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(2) as an action between U.S. citizens and foreign citizens. OpenGate argues, however, that it should be deemed a foreign citizen, thereby destroying diversity, because the Mexican citizenship of its subsidiary, Fisher Hamilton, should be attributed to OpenGate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-04360-RGK-E | Date | August 19, 2020 |
|---|---|---|---|
| Title | *FINSA PORTAFOLIOS, S.A. de C.V. et al. v. OPENGATE CAPITAL, LLC et al.* | | |

A corporation is deemed to be a citizen of every state or foreign state where it has been incorporated or has its principal place of business. 28 U.S.C. § 1332(c)(1). "[S]ubsidiary and parent corporations are generally considered to be separate entities for diversity jurisdiction purposes." *U.S.I. Props. Corp. v. M.D. Constr. Co., Inc.*, 860 F.2d 1, 7 (1st Cir. 1988), *cert. denied*, 490 U.S. 1065 (1989). "The only recognized exception to this rule is where the subsidiary is the alter ego of the parent corporation." *Danjaq, S.A. v. Pathe Commc'ns Corp.*, 979 F.2d 772, 775 (9th Cir. 1992). Thus, "[a]bsent a showing that the subsidiary is merely an alter ego of its parent corporation, there is no justification for ignoring the separate corporate structures and looking to the subsidiary's activities to determine the parent's principal place of business." *Id.*

FINSA does not directly allege that OpenGate had an alter ego relationship with Fisher Hamilton. Nonetheless, OpenGate contends that it should be deemed a Mexican citizen because (1) FINSA is attempting to hold OpenGate liable for Fisher Hamilton's conduct, and (2) FINSA alleges that OpenGate exerted control over Fisher Hamilton such that the two did not have separate corporate identities. OpenGate argues these positions as independent theories, either one of which would render OpenGate a Mexican citizen and destroy diversity. As discussed below, the Court disagrees.

1. *The Attribution Rule*

In support of its first theory, OpenGate invites the Court to apply the Fifth Circuit's "attribution rule," by which a subsidiary's citizenship is attributed to the parent if the "parent is sued for the acts of the subsidiary." *Polanco v. H.B. Fuller Co.*, 941 F. Supp. 1512, 1516 (D. Minn. 1996) (citing *Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553 (5th Cir. 1985)). OpenGate further cites to *Grayson Service, Inc. v. Crimson Resource Management Corp.*, in which the district court, citing Fifth Circuit case law, found that "the Court should consider which entity would be responsible for the conduct alleged to properly take into account the purposes of diversity jurisdiction." No. 1:14-cv-01125-SAB, 2016 WL 8730734, at *6 (E.D. Cal. Feb. 5, 2016).

The attribution rule does not apply here, however. In this case, although FINSA's fraud claims pertain to the negotiation of agreements which Fisher Hamilton and other subsidiaries were counterparties to, FINSA does not assert claims based on the performance or breach of those agreements. Rather, FINSA asserts claims of fraudulent conduct against OpenGate based on alleged representations and concealments made during negotiations prior to the Agreements. (FAC ¶¶ 21–25, ECF No. 83.) FINSA does not seek to hold OpenGate liable for Fisher Hamilton's conduct, and thus OpenGate's first theory does not justify imputing Fisher Hamilton's citizenship to OpenGate.

2. *Parental Control over Subsidiaries*

In support of its second theory, OpenGate cites to *3123 SMB LLC v. Horn*, in which the Ninth Circuit found that an alter ego relationship may be established when a parent corporation "has exerted such an overwhelming level of control over the subsidiary that the two companies do not retain separate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-04360-RGK-E | Date | August 19, 2020 |
|---|---|---|---|
| Title | *FINSA PORTAFOLIOS, S.A. de C.V. et al. v. OPENGATE CAPITAL, LLC et al.* | | |

corporate identities." 880 F.3d 461, 467 (9th Cir. 2018) (quoting *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 351 (3d Cir. 2013)).

Based on the allegations in the FAC, FINSA indeed alleges that OpenGate exercised a great degree of control over Fisher Hamilton. FINSA alleges that OpenGate's subsidiaries operated as "shell entities" or "special purpose vehicle entities" that were "wholly owned and controlled by OpenGate." (FAC ¶¶ 3–4, 6.) FINSA further alleges that, despite the fact that the Property was sold by and leased back to Hamilton Scientific—the group that Fisher Hamilton belonged to—OpenGate initiated and negotiated the transaction, after which it siphoned out all of Hamilton Scientific's assets, forcing its subsidiaries into bankruptcy. (*Id.* ¶¶ 3–6, 21–23, 29, 31–33.)

However, control cannot by itself create an alter ego relationship for purposes of imputing corporate citizenship. The alter ego doctrine is premised upon a plaintiff seeking to hold a parent liable for its subsidiary's conduct. *See, e.g., Vieste, LLC v. Hill Redwood Dev.*, No. C-09-04024 JSW (DMR), 2011 WL 855831, at *3 (N.D. Cal. Mar. 9, 2011) ("when a corporation is the mere instrumentality or shell of another corporation or person, a court will disregard the corporate entity and hold the 'underlying' corporations or individuals responsible for their acts knowingly and intentionally *done in the name of the corporation*.") (emphasis added); Fletcher Cyclopedia of Private Corp. § 41.10 ("An attempt to pierce the corporate veil is a means of imposing liability on an underlying cause of action such as a tort or breach of contract.").

Even if a corporate parent exercised such overwhelming control that a plaintiff could bring claims against it for its subsidiary's conduct under the alter ego doctrine, when a plaintiff chooses not to pursue those claims, the subsidiary's citizenship not relevant. To hold otherwise would allow a corporate defendant to invoke the alter ego doctrine upon itself to destroy diversity based on unrelated non-diverse subsidiaries whose conduct plaintiff does not challenge. *See United States v. Aiello*, 198 F.3d 255 (9th Cir. 1999) (unpublished) (noting that the "doctrine allowing the corporate veil to be pierced is always a sword for [plaintiffs], not a shield for the owner who has misused the corporate form.").

Because FINSA's claims against OpenGate are not based on Fisher Hamilton's conduct, there is no basis for attributing Fisher Hamilton's Mexican citizenship to OpenGate. Accordingly, the Court denies OpenGate's Motion to Dismiss under Rule 12(b)(1).

B.  **Motion to Dismiss under Rule 9(b)**

FINSA alleges that OpenGate made fraudulent representations and fraudulently concealed material information during the negotiations prior to FINSA's purchase of the Property. OpenGate argues that FINSA's claims must be dismissed because neither claim meets the heightened pleading standard for fraud under Rule 9(b). The Court disagrees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-04360-RGK-E | Date | August 19, 2020 |
|---|---|---|---|
| Title | *FINSA PORTAFOLIOS, S.A. de C.V. et al. v. OPENGATE CAPITAL, LLC et al.* | | |

1. *Claim 1: Fraudulent Representation*

As discussed above, claims of fraud must be plead with specificity. Fed. R. Civ. P. 9(b). To plead fraudulent representation with specificity, the plaintiff must state: (1) "the who, what, when, where and how of the misconduct charged," and (2) identify "what is false or misleading about [the purportedly fraudulent] statement, and why it is false," thereby giving defendants sufficient notice of the alleged fraudulent conduct they are required to defend themselves against. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054–57 (9th Cir. 2011).

FINSA alleges that OpenGate made false representations on three occasions:

(1) On July 7, 2014, OpenGate employee Virginia Thornton provided FINSA with false financial forecasts for Hamilton Scientific, projecting significant growth for Hamilton Scientific's revenue through 2016 via email. (FAC ¶¶ 23, 35a.)
(2) On July 29, 2014, OpenGate employee and Hamilton Scientific CEO Jack Roberts provided FINSA with false details regarding Hamilton Scientific's forward-looking growth strategies via email. (*Id.* ¶¶ 23, 35b.)
(3) On December 11, 2014, when the final sale-leaseback agreements between FINSA and Hamilton Scientific were signed, OpenGate, through Hamilton Scientific, represented that there was no litigation involving the Property, when in fact, OpenGate was actively involved in litigation over the Property. (*Id.* ¶ 35c.)

As OpenGate points out, certain details are missing from each of these allegations. None of them identify specifically who the representations were made to or which of the two OpenGate entities the representations were made on behalf of. Further, the third allegation fails to identify who made the representation or how.

However, the purpose behind Rule 9(b) is to require the complaint to "identif[y] the circumstances of the alleged fraud so that defendants can prepare an adequate answer." *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (denying a Rule 9(b) motion to dismiss where the complaint alleged a general scheme of improper revenue recognition in shipments to a variety of customers without describing in detail a specific shipment); *see also U.S., ex rel. McCarthy v. Straub Clinic & Hosp., Inc.*, 140 F. Supp. 2d 1062, 1068 (D. Haw. 2001) (denying a Rule 9(b) motion to dismiss an FCA action even though "the Complaint does not match these specific examples [of false claims] with specific dates or people" because the complaint alerted the defendants as to the charges against them).

Here, as described above, the Court finds that the allegations in the FAC are "specific enough to give defendants notice of the particular misconduct which is alleged . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993). Plaintiffs have therefore satisfied Rule 9(b) as to this claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-04360-RGK-E | Date | August 19, 2020 |
|---|---|---|---|
| Title | *FINSA PORTAFOLIOS, S.A. de C.V. et al. v. OPENGATE CAPITAL, LLC et al.* | | |

    2.    *Claim 2: Fraudulent Concealment*

"To plead the circumstances of omission with specificity, a plaintiff must describe the content of the omission and where the omitted information should or could have been revealed, as well as provide . . . representations that plaintiff relied on . . . that failed to include the allegedly omitted information." *Garcia v. Gen. Motors LLC*, No. 1:18-cv-01313, 2019 WL 1209632, at *8 (E.D. Cal. Mar. 14, 2019).

FINSA alleges that OpenGate made three material omissions, which it fraudulently concealed:

(1) OpenGate failed to disclose that the Property was the subject of litigation. (FAC ¶ 41a.)
(2) OpenGate failed to disclose the true facts regarding "the financial condition and projections for OpenGate's lessee subsidiary, the guarantor, Hamilton Scientific, and the Property." (*Id.* ¶ 41b.)
(3) OpenGate failed to disclose that it intended to transfer to itself the $15.1 million FINSA had paid to Hamilton Scientific, then promptly shut down its subsidiaries. (*Id.* ¶ 41c.)

Each of these omissions track the representations alleged in FINSA's first claim. The first omission relates to the alleged representation on December 11, 2014, wherein OpenGate represented that there was no litigation involving the Property. (*Id.* ¶ 35c.) The second and third omissions relate to the alleged false representations contained in financial forecasts and growth strategies sent on July 7 and July 29, 2014. (*Id.* ¶¶ 35a–b.) These were the incomplete representations that FINSA alleges that it relied upon. (*Id.* ¶ 37.) Further, although FINSA does not specifically allege when these omissions could or should have been revealed, because each of these omissions are clearly tied to corresponding fraudulent representations, the FAC clearly indicates that OpenGate could or should have revealed the omissions when the representations were made.

Thus, both claims meet the Rule 9(b) pleading standard. Accordingly, the Court denies OpenGate's Motion to Dismiss under Rule 9(b).

    C.    **Motion to Dismiss Under Rule 12(b)(6)**

OpenGate next argues that FINSA's second claim for fraudulent concealment should be dismissed because FINSA cannot show that OpenGate had a duty to disclose. The Court again disagrees.

To state a claim based on concealment, a plaintiff must allege facts showing that the defendant was "under an affirmative duty to disclose the concealed fact" to the plaintiff. *L.A. Mem'l Coliseum Comm'n v. Insomniac, Inc.*, 233 Cal. App. 4th 803, 832 (2015).

FINSA contends that OpenGate had a duty to disclose for three separate reasons:

(1) Sellers of property have "both a common law and statutory duty of disclosure." *RSB Vineyards, LLC v. Orsi*, 15 Cal. App. 5th 1089, 1097 (2017).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-04360-RGK-E | Date | August 19, 2020 |
|---|---|---|---|
| Title | *FINSA PORTAFOLIOS, S.A. de C.V. et al. v. OPENGATE CAPITAL, LLC et al.* | | |

(2) A duty to disclose exists "when the defendant had exclusive knowledge of material facts not known to plaintiff." *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1096 (N.D. Cal. 2007).

(3) A defendant that provides incomplete or misleading statements is "obliged to disclose all other facts which 'materially qualify' the limited facts disclosed." *Randi W. v. Muroc Joint Unified Sch. Dist.*, 14 Cal. 4th 1066, 1082 (1997).

OpenGate contends that the first theory does not apply because FINSA alleges that OpenGate's subsidiary sold the Property, not OpenGate. However, a party representing a seller and in possession of the same knowledge may be considered a party to the transaction and therefore may be under the same duty of disclosure. *See Lingsch v. Savage*, 213 Cal. App. 2d 729, 736 (1963). Here, FINSA alleges that OpenGate itself initiated and remained involved in the negotiations. OpenGate therefore had the same duty to disclose as if it were the seller.

Additionally, OpenGate argues that it had no duty to disclose under the second or third theories because FINSA fails to identify the contents of its omissions the with requisite specificity and therefore does not establish that they were actually material. As noted above, however, the Court finds that FINSA properly identified the content of the representations and omissions.

Thus, FINSA has satisfactorily alleged that OpenGate had a duty to disclose. Accordingly, the Court denies OpenGate's Motion to Dismiss under Rule 12(b)(6).

**D. Motion to Dismiss under Rule 12(b)(7)**

Finally, OpenGate argues that FINSA's claims must be dismissed because FINSA has failed to join five of OpenGate's subsidiaries that are indispensable to this litigation. These include the subsidiary that entered the Purchase and Lease Agreements (Fisher Hamilton), the subsidiary that entered into the Guaranty Agreement (Hamilton Scientific), and three other subsidiaries in OpenGate's corporate structure (the RoundRock Entities). OpenGate asserts that these parties are indispensable but cannot be feasibly joined, either because they would destroy diversity jurisdiction or because they are currently in bankruptcy proceedings, and that the case must therefore be dismissed. The Court disagrees.

As noted above, Rule 12(b)(7) outlines a three-part inquiry through which the court determines whether an absent party (1) is necessary, (2) cannot feasibly be joined, and (3) is indispensable. *E.E.O.C. v. Peabody W. Coal Co.*, 610 F.3d 1070, 1078 (9th Cir. 2010).

1. *Necessary*

Necessary describes those parties that should be joined if feasible, are subject to service of process, and whose joinder will not deprive the court of jurisdiction. Fed. R. Civ. P. 19(a)(1). Rule 19(a) is concerned with ensuring "consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action." *E.E.O.C. v. Peabody W. Coal Co.*,

Case 2:17-cv-04360-SB-E   Document 97   Filed 08/19/20   Page 12 of 18   Page ID #:2291

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-04360-RGK-E | Date | August 19, 2020 |
|---|---|---|---|
| Title | *FINSA PORTAFOLIOS, S.A. de C.V. et al. v. OPENGATE CAPITAL, LLC et al.* | | |

400 F.3d 774, 780 (9th Cir. 2005). Under Rule 19(a), the court must first decide if complete relief is possible among those already parties to the suit. Next the court must determine whether the absent party has a legally protected interest that would either be impaired by proceeding in the party's absence, or that would subject an existing party to a "substantial risk" of incurring multiple or inconsistent obligations. Fed. R. Civ. P. 19(a)(1). "This interest must be more than a financial stake . . . and more than speculation about a future event." *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990).

Here, the Court has little doubt that complete relief could be awarded among the existing parties for purposes of the first prong of the analysis. Rule 19(a)(1)(A) "is concerned only with relief as between the persons already parties, not as between a party and the absent person whose joinder is sought." *Eldredge v. Carpenters 46 N. Cal. Ctys. Joint Apprenticeship & Training Comm.*, 662 F.2d 534, 537 (9th Cir. 1981). Here, Plaintiffs seek neither contract damages nor injunctive relief as might require the joinder of Defendants' subsidiaries. Rather, Plaintiffs request only monetary damages arising from Defendants' alleged fraud, which can be wholly satisfied without the addition of any further parties to the suit. The more complicated question, however, is whether the subsidiaries have interests that would impaired by their absence, or whether the Court's judgment would risk subjecting OpenGate to inconsistent obligations.

Courts in various circuits have addressed the circumstances in which a subsidiary may be a necessary party for purposes of joinder. The Fifth Circuit has held that a subsidiary is a necessary party when it "becomes more than a key witness whose testimony would be of inestimable value," and "[i]nstead it emerges as an active participant" in the alleged tort. *Freeman*, 754 F.2d at 559 (quoting *Haas v. Jefferson Nat'l Bank*, 442 F.2d 394, 398 (5th Cir. 1971) (finding that such an active participant's absence would risk exposing the defendant to "double, multiple, or otherwise inconsistent obligations by reason of his claimed interest" under Rule 19(a)(2)(ii)); *Gay v. AVCO Financial Servs., Inc.*, 769 F. Supp. 51, 56 (D.P.R. 1991) (finding that a subsidiary is necessary when it "is an active participant in the activity alleged as the basis for recovery."). Additionally, "[a] subsidiary may be a necessary party if plaintiffs seek to impose liability on a parent corporation for the acts of the subsidiary [or] if the subsidiary entered into contracts which are at the core of the controversy." *Latin Uno, Inc. v. Univision Communs., Inc.*, No. 15-2122 (ADC), 2019 WL 469843, at *5 (D.P.R. Jan. 30, 2019). However, "a subsidiary is not a necessary party where the facts to be proved 'against' the subsidiary are not the ultimate facts needed to make the plaintiff's case." *E&E Inv., Inc. v. Simmons Co.*, 169 F.R.D. 467, 468 (D.P.R. 1996).

Relying on this line of cases, OpenGate provides two theories as to why each of its subsidiaries are necessary parties to this litigation. First, Fisher Hamilton and Hamilton Scientific were parties to Agreements which are at the "core of the controversy." Second, Fisher Hamilton, Hamilton Scientific, and the RoundRock Entities each participated in the alleged fraudulent conduct alleged against OpenGate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-04360-RGK-E | Date | August 19, 2020 |
|---|---|---|---|
| Title | *FINSA PORTAFOLIOS, S.A. de C.V. et al. v. OPENGATE CAPITAL, LLC et al.* | | |

a. *Fisher Hamilton*

In support of its argument that Fisher Hamilton is a necessary party, OpenGate cites the Court's Order dismissing FINSA's initial complaint for the statement that FINSA's fraud claims "directly relate to provisions within the Agreements." (Order Re: Mot. to Dismiss, ECF No. 40.) Therefore, OpenGate argues, the Agreements are at the core of the controversy.

OpenGate points to *Latin Uno v. Univision* as a case in which a district court dismissed a suit against a parent company for failure to join the local subsidiary that was party to the relevant contract. No. 15-2122 (ADC), 2019 WL 469843, at *5 (D.P.R. Jan. 30, 2019). In *Latin Uno*, unlike in this case, the plaintiffs sought to hold the parent corporation liable for its subsidiary's breach of contract rather than its own fraudulent conduct. *Id*.

However, the Court agrees that while FINSA is not seeking to hold OpenGate liable for Fisher Hamilton's breach of the Agreements, a finding of liability for fraud against OpenGate will likely also involve a finding that Fisher Hamilton failed to make payments under the lease agreement. As such, there is a possibility that the Court will make findings regarding a contracting subsidiary that may prejudice that party in subsequent litigation, and which would thereby "impair or impede" its ability to protect its interest in its own defense. *See* Fed. R. Civ. P. 19(a)(1)(B)(i).

The Court therefore finds that Fisher Hamilton is a necessary party.

b. *Hamilton Scientific*

The Court likewise finds that Hamilton Scientific is a necessary party to his litigation.

FINSA's FAC alleges that Hamilton Scientific directly participated in the fraudulent conduct at issue. Specifically, it states that OpenGate, "*through their subsidiary Hamilton Scientific*, represented that there was no litigation involving the property." (*Id*. ¶ 35c (emphasis added).) Hamilton Scientific therefore has a legally protected interest as a potential adverse party. *See, e.g., Freeman*, 754 F.2d at 559; *Latin Uno*, 2019 WL 469843 at *5. This interest could be impaired by proceeding in its absence, particularly as the Court may also make findings with respect to Hamilton Scientific's liability that would impact future litigation. *See* Fed. R. Civ. P. 19(a)(1)(B)(i).

c. *The RoundRock Entities*

Defendants provide little in the way of argument as to why the RoundRock entities are necessary parties, mentioning only in a footnote of their Reply brief that those entities were included in the signature block of a letter of intent referenced in Plaintiffs' original complaint. Unlike the two entities described above, the Court sees little to illustrate how a resolution of this case will involve finding of wrongdoing by the RoundRock entities such that they would be prejudiced in defending themselves in subsequent litigation. Indeed, the parties' briefs refer to them only incidentally. The Court therefore

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-04360-RGK-E | Date | August 19, 2020 |
|---|---|---|---|
| Title | ***FINSA PORTAFOLIOS, S.A. de C.V. et al. v. OPENGATE CAPITAL, LLC et al.*** | | |

finds that they are not necessary parties to this litigation. However, even if the Court were to find that the RoundRock entities were necessary parties, they would not be indispensable ones for the same reasons described below.

Having determined that Fisher Hamilton and Hamilton Scientific are necessary to the litigation, the Court continues to whether their joinder is feasible, and if not whether the litigation may proceed without them.

    2.    *Feasibility of Joinder*

Rule 19(a) sets forth three circumstances in which joinder is not feasible: when venue is improper, when the absent party is not subject to personal jurisdiction, and when joinder would destroy subject matter jurisdiction. *Peabody W. Coal Co.*, 400 F.3d at 779.

OpenGate contends that Hamilton Scientific and the RoundRock entities cannot be joined because they are currently in bankruptcy proceedings and are subject to the automatic stay. It likewise argues that Fisher Hamilton cannot be joined because the joinder of another Mexican corporation would destroy complete diversity. FINSA does not contest these arguments, and the Court therefore finds that the absent parties cannot be feasibly joined.

    3.    *Indispensable*

Because Fisher Hamilton and Hamilton Scientific are necessary parties that cannot feasibly be joined, the Court evaluates whether they are so essential to the litigation that this case must in equity and good conscience be dismissed. The Court finds that they are not.

"A nonparty in whose absence an action must be dismissed is one who 'not only [has] an interest in the controversy, but [has] an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience.'" *Peabody W. Coal Co.*, 610 F.3d at 1078. In determining whether a party is indispensable and whose absence therefore requires dismissal, the Court considers various factors including: (1) "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;" (2) "the extent to which any prejudice could be lessened or avoided" by protective measures; (3) "whether a judgment rendered in the person's absence would be adequate; and" (4) "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." Fed. R. Civ. P. 19(b). These factors are nonexclusive, and no factor alone is dispositive. *Republic of Philippines v. Pimentel*, 553 U.S. 851, 862 (2008). Rather, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

OpenGate argues that the Rule 19(b) factors weigh in favor of dismissal. As described below, the Court disagrees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-04360-RGK-E | Date | August 19, 2020 |
|---|---|---|---|
| Title | ***FINSA PORTAFOLIOS, S.A. de C.V. et al. v. OPENGATE CAPITAL, LLC et al.*** | | |

      a.    *Prejudice to the Parties*

"Prejudice to any party resulting from a judgment militates toward dismissal of the suit." *Makah Indian Tribe*, 910 F.2d at 560; *Republic of Philippines*, 553 U.S. at 869 ("Rule 19(b)'s first factor . . . directs consideration of prejudice both to absent persons and those who are parties.").

OpenGate argues that the first factor weighs in favor of dismissal because a judgment in any of its subsidiaries' absence "could preclude full exploration of the issues in future lawsuits and might expose them to multiple or inconsistent verdicts." (Mot. to Dismiss 14 (quoting *Wilson v. Metals USA, Inc.*, No. CIV. S-12-0568 LKK/GGH, 2012 WL 5932990, at *8 (E.D. Cal. Nov. 27, 2012)).) As discussed above, because Hamilton Scientific's conduct is implicated, such a judgment would likely involve determinations of fact bearing on its liability. *See Wilson*, 2012 WL 5932990 at *5. Likewise, a finding that Fisher Hamilton failed to perform under the lease agreement—even if not res judicata— could be persuasive authority in subsequent litigation.

As a practical matter, the Court finds the prospect of a prejudice through subsequent lawsuits against either subsidiary unlikely. As alleged in the FAC, Hamilton Scientific has been in Bankruptcy for years, has laid off its entire workforce, and has only $40 in assets. Similarly, Plaintiff alleges that OpenGate deliberately undercapitalized Fisher Hamilton, leaving it unable to make payments on the lease. These entities therefore lack any assets that would justify the expense of further litigation.

Furthermore, OpenGate's argument presupposes that OpenGate would be unable to represent its subsidiaries' interests. While there is some possibility that their interests will diverge in the course of litigation, the Court finds the risk relatively low given FINSA's allegations that OpenGate was able to represent its subsidiaries during negotiations as well as to control their finances. The Court therefore sees little reason in the record before it to suggest that OpenGate cannot adequately represent its subsidiaries' interests in this litigation so as to minimize prejudice to both itself and the companies it owns. This is particularly true in light of the fact that Hamilton Scientific's CEO, Jack Roberts, is also an OpenGate employee who is allegedly responsible for making a number of the representations at issue, and who furthermore signed both the Lease Agreement and the Guaranty Agreement on behalf of Fisher Hamilton and Hamilton Scientific as the attorney for both entities. (*See* Compl. ¶ 86, ECF No. 1.)

As the Court finds prejudice to any party unlikely, the first factor weighs only slightly in favor of dismissal.

      b.    *Protective Measures*

Under the second factor, the court determines whether any measures may lessen prejudice to avoid dismissal. *Makah Indian Tribe*, 910 F.2d at 560.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-04360-RGK-E | Date | August 19, 2020 |
|---|---|---|---|
| Title | *FINSA PORTAFOLIOS, S.A. de C.V. et al. v. OPENGATE CAPITAL, LLC et al.* | | |

OpenGate argues that the second factor weighs in favor of dismissal because there are no plausible protective measures that could reduce the prejudicial effects of a judgment in FINSA's favor. The Court agrees that there is little it could do in terms of shaping relief that would mitigate potential prejudice to its subsidiaries in subsequent proceedings. As discussed above, however, the Court finds it relatively unlikely that OpenGate's subsidiaries will be prejudiced by these proceedings. Accordingly, the absence of ready protective measures is of little weight in this analysis.

        c.    *Adequacy of Judgment*

Adequacy refers to the "public stake in settling disputes by wholes, whenever possible." *Republic of Philippines*, 553 U.S. at 870. The "social interest in the efficient administration of justice and the avoidance of multiple litigation" is an interest that has "traditionally been thought to support compulsory joinder of absent and potentially adverse claimants." *Id*.

OpenGate argues that the third factor weighs in favor of dismissal because the lawsuit cannot resolve the dispute as a whole unless OpenGate's subsidiaries are joined.

OpenGate is correct that if the Court finds that Fisher Hamilton or Hamilton Scientific made false representations or committed other tortious conduct, FINSA could hypothetically sue them upon the same facts. *See Jurimex Kommerz Transit G.m.b.H. v. Case Corp.*, 201 F.R.D. 337, 340–41 (D. Del. 2001). As discussed above, however, re-litigation appears quite unlikely.

Thus, while there is a risk that judgment in this litigation may not resolve the dispute as a whole, the Court finds that in light of the unlikelihood of future litigation the third factor weighs only slightly in favor of dismissal.

        d.    *Adequate Alternative Remedy*

While the availability of an adequate alternative forum may militate in favor of dismissal, "[i]f no *alternative forum* is available to the plaintiff, the court should be 'extra cautious' before dismissing the suit." *Makah Indian Tribe*, 910 F.2d at 560 (citing *Wichita and Affiliated Tribes of Oklahoma v. Hodel*, 788 F.2d 765, 777 (D.C. Cir. 1986)).

OpenGate argues that the final factor weighs in favor of dismissal because FINSA would have an adequate remedy by "seeking relief from the primary defendant[s]" in either the bankruptcy matters, Mexican court system, or arbitration. (Mot. to Dismiss 15 (quoting *Societe d'Assurance de l'Est SPRL v. Citigroup Inc.*, No. 10 Civ. 4754 (JGK), 2011 WL 4056306, at *4 (S.D.N.Y. Sept. 13, 2011)). In essence, therefore, OpenGate argues that FINSA would have an adequate remedy by seeking claims against its subsidiaries but not against itself. Again, the Court disagrees.

First, it is unlikely that FINSA could obtain any remedy, let alone an adequate one, from OpenGate's subsidiaries. As alleged in the FAC, OpenGate intentionally undercapitalized its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-04360-RGK-E | Date | August 19, 2020 |
|---|---|---|---|
| Title | ***FINSA PORTAFOLIOS, S.A. de C.V. et al. v. OPENGATE CAPITAL, LLC et al.*** | | |

subsidiaries, siphoning out virtually all of their assets before placing them into bankruptcy. (FAC ¶¶ 28–33.) Thus, even if FINSA did pursue its claims against the subsidiaries in any of the forums that OpenGate suggests, FINSA would not be able to obtain an adequate alternative remedy from them.

Moreover, OpenGate's subsidiaries are not the "primary defendants" as OpenGate suggests. *Societe d'Assurance de l'Est SPRL*, to which OpenGate cites, is a case in which the plaintiffs sued a corporate defendant solely for its subsidiary's breach of contract. Here, FINSA primarily seeks relief for OpenGate's own, independent fraudulent conduct rather than that of its subsidiaries. *See* 2011 WL 4056306 at *4 ("The only claims brought by the plaintiffs are for breach of contract."). Even if OpenGate's subsidiaries were equally involved in the fraudulent conduct at issue and could provide an adequate remedy in OpenGate's place, that does not mean that FINSA could fairly be deprived of its right to pursue its claims against OpenGate in the only forum available for it to do so.

The question is therefore whether any alternative forum would allow FINSA to pursue its claims against both OpenGate and its subsidiaries. The only such forum that OpenGate has identified is Mexican Court. However, OpenGate has failed to consent to jurisdiction in Mexico after being given the express opportunity to do so. The Court therefore finds that FINSA would have no alternate forum in which to pursue its claims against OpenGate in the event that the Court dismissed them here.

Because it appears that no alternative forum would allow FINSA to pursue its claims, the fourth and final factor weighs heavily against dismissal. This creates a further key distinction with OpenGate's principle cited cases, in which the courts identified the availability of alternate forums prior to dismissing for failure to join a subsidiary. *See Latin Uno*, 2019 WL 469843, at *6 (dismissing under Rule 19(b) where "the Puerto Rico Court of First Instance would be an appropriate forum before which to litigate the instant claim on damages, arising under Puerto Rico law entirely."); *Jurimex*, 201 F.R.D. at 341 (dismissing under Rule 19(b) where "litigation could proceed with all of the necessary parties in Paris, France, among other foreign forums.").

Upon review of the Rule 19(b) factors, the Court finds that in equity and good conscience this action should be allowed to proceed among the existing parties rather than be dismissed. Accordingly, the Court denies OpenGate's Motion to Dismiss under Rule 12(b)(7).

**V.    CONCLUSION**

For the foregoing reasons, the Court **DENIES** OpenGate's Motion for Reconsideration and Motion to Dismiss.

**IT IS SO ORDERED.**

_____ : _____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-04360-RGK-E | Date | August 19, 2020 |
|---|---|---|---|
| Title | *FINSA PORTAFOLIOS, S.A. de C.V. et al. v. OPENGATE CAPITAL, LLC et al.* | | |

Initials of Preparer _____