SPERTUS, LANDES & UMHOFER, LLP
James W. Spertus (SBN 159825)
Kevin J. Minnick (SBN 269620)
Hannah A. Bogen (SBN 324294)
1990 South Bundy Dr., Suite 705
Los Angeles, California 90025
Telephone: (310) 826-4700
Facsimile:  (310) 826-4711
jspertus@spertuslaw.com
kminnick@spertuslaw.com
hbogen@spertuslaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FINSA PORTAFOLIOS, S.A. DE C.V., et al., | Case No. 2:17-cv-04360-SB-Ex |
| | **MOTION IN LIMINE NO. 1** |
| Plaintiffs, | **TO EXCLUDE THE OPINIONS OF SCOTT FOWLER** |
| v. | Date:            June 18, 2021<br>Time:            11:00 a.m.<br>Courtroom:    6C |
| OPENGATE CAPITAL, LLC, et al., | Before:  Hon. Stanley Blumenfeld Jr. |
| Defendants. | **FAC Filed**: May 18, 2020<br>**Discovery Cutoff**: February 27, 2021<br>**Pretrial Conference:** June 18, 2021<br>**Trial:** June 28, 2021 |

*Spertus, Landes & Umhofer, LLP*
*1990 South Bundy Dr., Suite 705*
*Los Angeles, CA 90025*
*Telephone 310-826-4700; Facsimile 310-826-4711*

---

*MOTION IN LIMINE NO. 1*

TO THIS HONORABLE COURT, ALL PARTIES AND ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on June 18, 2021, or as soon as this matter may be heard in Courtroom 6C of the above-titled Court, located at 350 West First Street, Los Angeles, California 90012, Plaintiffs will and hereby do move the Court for an order excluding all expert opinions of Scott Fowler

████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

Fowler's opinions are therefore irrelevant, more prejudicial than probative, and improper as expert testimony under Federal Rules of Evidence 401, 403, 702, 703, and 704.

The parties met and conferred about this motion on May 17, 2021. Counsel for Defendants confirmed they will present Mr. Fowler's opinions at trial.

This Motion is based upon this Notice of Motion and Motion, the below Memorandum of Points and Authorities, the Declaration of Kevin J. Minnick in Support of Plaintiffs' Motions *in Limine*, the Court's file in this matter, and any other oral and documentary evidence that may be presented at the hearing on this Motion.

Dated: May 24, 2021                SPERTUS, LANDES & UMHOFER, LLP

By: /s/James W. Spertus
James W. Spertus
Kevin J. Minnick
Hannah A. Bogen

*Attorneys for Plaintiffs*

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

*MOTION IN LIMINE NO. 1*

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

## I.    INTRODUCTION

FINSA purchased real estate (the "Property") in reliance on OpenGate's fraudulent misrepresentations and omissions.  Scott Fowler is OpenGate's damages expert.  Fowler offers OpenGate's damages theory and purports to rebut FINSA's damages expert.

All of Fowler's opinions should be excluded because they use a legally invalid method to calculate damages.  Fowler uses the "benefit-of-the-bargain" measure, whereas California law requires the "out-of-pocket" rule.  Cal. Civ. Code § 3343.  Even if Fowler's analyses could be squared with the right legal rule, they would still fail because they lack reliable principles and methods.

## II.    SUMMARY OF FOWLER'S OPINIONS

Fowler has issued three expert witness reports.  Each one purports to offer a damages opinion focused on ███████████████████████████████████

In Fowler's initial report dated February 17, 2021 (the "Initial Report"), he describes his assignment as follows: ███████████████████

███████████████████████████████████████

███████████████████████████████ (Ex. A ¶ 1.)[1] Accordingly, the Initial Report is divided into sections entitled ███████ ███████ (*id.* ¶¶ 22-24), and ███████████ (*id.* ¶¶ 25-30).  In each section, Fowler purports to ███████████████████████

1

*MOTION IN LIMINE NO. 1*

██████████████████████████████████████ ████████████████████

████████████████████████████████████████████████

███████████████████████████████████ (*Id.* ¶ 30 (emphasis added).)

Fowler issued a second report on March 19, 2021 (the "Second Report"). The Second Report states that it is intended as a "supplement to *and replacement of* the Expert Report dated February 17, 2021." (Ex. B ¶ 2 (emphasis added).) Fowler testified at deposition, however, that the Second Report is actually intended only as a supplement, not a replacement. (Ex. C at 68.)

In any event, Fowler's assignment for the Second Report was the same as for the Initial Report, ██ ██████████████████████████ ██████████████████████████ (Ex. B ¶ 1.) The Second Report concedes that █████████████████████████████████

█████████████████████████████████████

████████████████████████████████████████████

███████████████████ (*Id.* ¶ 39; *see also id.* ¶ 2; Ex. C at 48-49, 75.)

Also on March 19, 2021, Fowler issued a rebuttal report (the "Rebuttal Report"), ████████████████████████████████ ██████ (Ex. D.) Fowler was again █████████████████████

████████████████████████████████████████

████████████████████████████████ (*id.* ¶ 2). ██████████

██████████████████████████████████████

███████████████████████████████████ (*Id.* ¶ 33 ████

████████████████████████████████████████████

████████████████████████████████████

████████████████████████ (emphasis added).)

Spertus, Landes & Umhofer, LLP
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

---

2 ██████████████████████████████████████████

████████████████████████████████████████████████

The reports therefore establish without contradiction that ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮ (*See also* Ex. C at 40-42; 73-74.)

### III.     DISCUSSION

Rule 702 governs expert witness opinions.  It permits opinion testimony only if the proponent of the testimony proves, among other things, that "the testimony is the product of reliable principles and methods; [] and the expert has reliably applied the principles and methods to the facts of the case."  Fed. R. Evid. 702(c), (d); *see Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996) (placing "burden of proving that [expert]'s testimony was admissible under F.R.E. 702" on the party offering the expert).  Rule 403 also applies.  *In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1016 (9th Cir. 2008) (discretion to exclude "is especially true with respect to expert witnesses").

### A.     Fowler's Opinions Rely On A Theory Precluded By Law

Under Rule 702's standard, damages opinions that rely on legally incorrect calculation methods are to be excluded.  Indeed, an expert's "testimony cannot be 'the product of reliable principles and methods' where he relies on a theory that is precluded by law."  *Ralston v. Mortg. Inv'rs Grp., Inc.*, No. 08-536-JF (PSG), 2011 WL 6002640, at *8 (N.D. Cal. Nov. 30, 2011) (citation omitted) (excluding testimony concerning benefit-of-the-bargain damages in a case where the out-of-pocket rule applied as a matter of law).

Fowler's opinions self-evidently rely on a theory precluded by law. ▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ But section 3343 of the Civil Code rejects the benefit-of-the-bargain method in favor of the out-of-pocket rule.  Cal. Civ. Code § 3343(a); *Stout v. Turney*, 22 Cal. 3d 718, 725 (1978).

*MOTION IN LIMINE NO. 1*

Spertus, Landes & Umhofer, LLP
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

In *Stout*, the California Supreme Court explained California's long history of rejecting the benefit-of-the-bargain measure, and in doing so clarified the important differences between the two methods. The out-of-pocket rule "is directed to restoring the plaintiff to the financial position enjoyed by him *prior to the fraudulent transaction*, and thus awards the difference in actual value *at the time of the transaction* between what the plaintiff gave and what he received," plus several enumerated categories of consequential damages. *Stout*, 22 Cal. 3d at 725 (emphasis added). (Those categories of additional damages are highly relevant to this dispute, but Fowler fails to address them at all.)[3]

"The 'benefit-of-the-bargain' measure, on the other hand, is concerned with satisfying the *expectancy interest* of the defrauded plaintiff by putting him in the position he would have enjoyed if the false representation relied upon had been true." *Id.* (emphasis added). It therefore "awards the difference in value between what the *plaintiff actually received* and what he was *fraudulently led to believe he would receive*." *Id.* (emphasis added).



*MOTION IN LIMINE NO. 1*

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711



Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

5

*MOTION IN LIMINE NO. 1*

████████████████████████████████████████

████████████████████████████████████████

███████████████████

Under Rule 702, Fowler's opinions "cannot be 'the product of reliable principles and methods' where he relies on a theory that is precluded by law. As a result, [Fowler] may not testify based upon a benefit-of-the-bargain theory or calculation of damages." *Ralston*, 2011 WL 6002640, at \*8. Because they depend on the wrong measure, his opinions are also irrelevant and their probative value is outweighed by the substantial danger of undue prejudice and confusing the jury. Fed. R. Evid. 402, 403.

**B.    <u>Fowler's Opinions Otherwise Lack Reliable Principles And Methods</u>**

Even if Fowler's opinions were based on the right legal standard, his method for calculating damages fails because it lacks any principles or methods. Fowler claims in the First Report that ████████████████████████ ████████████████████████████ (Ex. A ¶ 30.) In the Second Report and the Rebuttal Report, Fowler concedes ███████ ████████████████████████████ ████████████████████████ ███████████████████ (Ex. B ¶ 44; Ex. D ¶ 24.)

The problem is that Fowler cannot explain *how* he decided whether FINSA's actual investment returns were great enough to be "on par" with its alleged expectations. Indeed, Fowler's opinion presupposes that ███████ ████████████████████████████ ████████████████████████████ ██████████████████████████ ████████████████████████████ ██████████████████████ █████████████

*MOTION IN LIMINE NO. 1*

Spertus, Landes & Umhofer, LLP
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

The exchange on this topic from Fowler's deposition merits review in full:



Put more simply, Fowler has no basis for calculating whether the variance from expected IRR is "on par" other than qualitative considerations of "each investor and their appetite," along "with an understanding there's a big variance it could fall in." (*Id.*)  This falls short of Rule 702.  *See San Diego Comic Convention v. Dan Farr Prods.*, Case No. 14-CV-1865 AJB (JMA), 2017 WL 4227000, at *8 (S.D. Cal. Sept. 22, 2017) ("This leap from Mr. Nelson's analysis of a variety of qualitative considerations to a specific percentage is fundamentally lacking in any explanation as to what methodology, principles, or calculation he used to come to this number and is thus inherently unreliable."), *aff'd*, 807 F. App'x 674 (9th Cir. 2020).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order excluding the opinions of Scott Fowler.

*MOTION IN LIMINE NO. 1*

Spertus, Landes & Umhofer, LLP
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

Dated: May 24, 2021

SPERTUS, LANDES & UMHOFER, LLP

By:  /s/James W. Spertus
James W. Spertus
Kevin J. Minnick
Hannah A. Bogen

*Attorneys for Plaintiffs*

8

*MOTION IN LIMINE NO. 1*