SPERTUS, LANDES & UMHOFER, LLP
James W. Spertus (SBN 159825)
Kevin J. Minnick (SBN 269620)
Hannah A. Bogen (SBN 329294)
1990 South Bundy Dr., Suite 705
Los Angeles, California 90025
Telephone: (310) 826-4700
Facsimile:  (310) 826-4711
jspertus@spertuslaw.com
kminnick@spertuslaw.com
hbogen@spertuslaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FINSA PORTAFOLIOS, S.A. DE C.V., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>OPENGATE CAPITAL, LLC, et al.,<br><br>Defendants. | Case No. 2:17-cv-04360-SB-Ex<br><br>**MOTION IN LIMINE NO. 4**<br><br>**TO EXCLUDE THE OPINIONS OF STEFANO VRANCA**<br><br>Date:           June 18, 2021<br>Time:          11:00 a.m.<br>Courtroom:  6C<br><br>Before:  Hon. Stanley Blumenfeld, Jr.<br><br>**FAC Filed**: May 18, 2020<br>**Discovery Cutoff**: February 27, 2021<br>**Pretrial Conference:** June 18, 2021<br>**Trial:** June 28, 2021 |

|   |   |
|---|---|
| 1 | TO THIS HONORABLE COURT, ALL PARTIES AND ATTORNEYS |
| 2 | OF RECORD: |
| 3 | PLEASE TAKE NOTICE THAT on June 18, 2021, or as soon as this |
| 4 | matter may be heard in Courtroom 6C of the above-titled Court, located at 350 |
| 5 | West First Street, Los Angeles, California 90012, Plaintiffs will and hereby do |
| 6 | move the Court for an order excluding all expert opinions of Stefano Vranca |
| 7 | offered by Defendants. ███████████████████████ |
| 8 | ████████████████████████████████████████ |
| 9 | ████████████████████████████████████ |
| 10 | ████████████████████████████████████████ |
| 11 | ██████████████████████ |
| 12 | The parties met and conferred about this motion on May 17, 2021. |
| 13 | Counsel for Defendants confirmed they will present Mr. Vranca's opinions at |
| 14 | trial. |
| 15 | This Motion is based upon this Notice of Motion and Motion, the below |
| 16 | Memorandum of Points and Authorities, the Declaration of Kevin J. Minnick in |
| 17 | Support of Plaintiffs' Motions *in Limine*, the Court's file in this matter, and any |
| 18 | other oral and documentary evidence that may be presented at the hearing on this |
| 19 | Motion. |
| 20 | |
| 21 | Dated: May 24, 2021          SPERTUS, LANDES & UMHOFER, LLP |
| 22 | By: /s/James W. Spertus |
| 23 |       James W. Spertus<br>      Kevin J. Minnick |
| 24 |       Hannah A. Bogen |
| 25 | *Attorneys for Plaintiffs* |

Spertus, Landes & Umhofer, LLP
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

## I. INTRODUCTION

FINSA purchased real estate in reliance on OpenGate's fraudulent misrepresentations and omissions. Stefano Vranca is OpenGate's due diligence expert. Vranca opines that ▌

All of Vranca's opinions should be excluded for three related reasons. ▌

▌ FINSA respectfully submits that the Court should prevent Vranca from either displacing or confusing the jury's judgment by excluding his opinions.

## II. SUMMARY OF VRANCA'S OPINION

Vranca claims expertise in ▌ (Ex. H ¶ 1.) Vranca was retained ▌ (*Id.* ¶ 6.)

Vranca gives three conclusions in response to this assignment. ▌

- First, Vranca opines that ▌ (Ex. H ¶ 15(a) (emphasis added).)

- Second, Vranca opines that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.* ¶ 15(b) (emphasis added).) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.* ¶ 26 (emphasis added).)
- Third, Vranca opines that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.* ¶ 15(c) (emphasis added).)

Ultimately, Vranca concludes his report by tying all three conclusions together into a purported opinion about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.* ¶ 41.)

### III.   DISCUSSION

Federal Rule of Evidence 702 governs expert witness opinions. It permits opinion testimony only if the proponent of the testimony proves:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702; *see Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996) (placing "burden of proving that [expert]'s testimony was admissible under F.R.E. 702" on the party offering the expert).

Rule 403 supplies a further backstop against prejudicial or confusing expert testimony. *In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1016

(9th Cir. 2008) (discretion to exclude "is especially true with respect to expert witnesses").

**A.    Vranca's Opinions Are Impermissible "State Of Mind" Testimony**

"[T]he opinions of [expert] witnesses on the intent, motives, or states of mind of corporations . . . and others have no basis in any relevant body of knowledge or expertise." *Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, ___ F. Supp. 3d ___, Case No.: 17cv205-MMA (MDD), 2020 WL 2553181, at *5 (S.D. Cal. May 20, 2020) (citations omitted), *appeal filed* No. 20-55679 (9th Cir. July 7, 2020).  Courts therefore "routinely exclude as impermissible expert testimony as to intent, motive, or state of mind." *Siring v. Or. State Bd. of Higher Educ. ex rel. E. Or. Univ.*, 927 F. Supp. 2d 1069, 1077 (D. Or. 2013) (collecting authority); *see also Lanard Toys Ltd. v. Anker Play Prod., LLC*, CV 19-4350-RSWL-AFMx, 2020 WL 6873647, at *7 (C.D. Cal. Nov. 12, 2020) (same) (quoting *Siring*, 927 F. Supp. 2d at 1077).

All three of Vranca's opinions purport to draw conclusions about ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Vranca's first opinion is that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Ex. H ¶ 15(a) (emphasis added).)  The second opinion asserts that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (*Id.* ¶ 15(b) (emphasis added).)  Third, Vranca opines that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (*Id.* ¶ 15(c) (emphasis added).)  From these three opinions, Vranca further concludes that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (*Id.* ¶ 41 (emphasis added).)

Vranca's deposition testimony confirmed that his opinions boil down to what ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ He

███ (Ex. I 117:15-18 (emphasis added); *see also id.* at 136:14-18 ███ ███ ███ (emphasis added).)

When asked about his method for reaching his second opinion in particular, Vranca confirmed that ███ ███ ███ (Ex. I at 39:18-40:21.) He further elaborated that ███ ███ (*Id.* at 38:12-18; *see also id.* at 137:22-25 ███ (emphasis added).

Because all of Vranca's opinions amount to assertions about ███ ███ they should be excluded. *See United States v. Frantz,* No. CR 02-01267(A)-MMM, 2004 WL 5642909, at *21 (C.D. Cal. Apr. 23, 2004) ("Such conclusions are the exclusive province of the factfinder, and Frantz's objections to testimony regarding his intent or state of mind are accordingly sustained."); *Siring,* 927 F. Supp. 2d at 1077 ("The jury is sufficiently capable of drawing its own inferences regarding intent, motive, or state of mind from the evidence, and permitting expert testimony on this subject would be merely substituting the expert's judgment for the jury's and would not be helpful to the jury."); *Lanard Toys,* 2020 WL 6873647, at *7 ("[T]he Court

EXCLUDES all of Gottlieb's opinions and testimony related to Defendants' intent, motive, or state of mind.").

B. **Vranca's Opinions Merely Narrate The Documents And Testimony**

OpenGate may argue that Vranca's opinions ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ From this, OpenGate may claim that Vranca was able to provide his professional understanding of what the documents and testimony say about the merits of FINSA's claims. This, too, should be excluded.

"Expert testimony is inadmissible if it addresses lay matters which a jury is capable of understanding and deciding without the expert's help. As such, expert testimony cannot be presented to the jury solely for the purpose of constructing a factual narrative based upon record evidence." *Aya*, 2020 WL 2553181, at *6 (citations omitted). "Such testimony intrudes on the province of the jury, who is capable of evaluating the same evidence and drawing conclusions without [the expert's] proffered testimony." *Id.*



(Ex. I at 70:16-23.)

Drawing inferences from the documentary and testimonial record is the job of the jury, not Vranca. His "experience in the . . . industry does not render [him] specially situated, or any better situated than lay persons on a jury, to observe and draw conclusions from evidence regarding any effects of the . . ."

1  information on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Aya*,
2  2020 WL 2553181, at *6. Vranca's impermissible narration of the evidence is
3  another reason to exclude his opinions.

### C. Vranca's Opinions Are More Prejudicial Than Probative

"Even when expert testimony is otherwise admissible, the district court may exclude it under Rule 403." *United States v. Vallejo*, 237 F.3d 1008, 1021 (9th Cir. 2001), *op. amended*, 246 F.3d 1150 (9th Cir. 2001); *Aya*, 2020 WL 2553181, at *6 (excluding state of mind testimony "under Rule 403 as substantially more prejudicial than probative, since the testimony would intrude on the jury's role of interpreting the contract provisions at issue"); *accord United States ex rel. Jordan v. Northrop Grumman Corp.*, CASE NO. CV 95-2985 ABC (EX), 2003 WL 27366315, at *8 (C.D. Cal. Mar. 10, 2003).



### IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order excluding the opinions of Stefano Vranca.

Dated: May 24, 2021            SPERTUS, LANDES & UMHOFER, LLP

                               By: /s/James W. Spertus
                                   James W. Spertus
                                   Kevin J. Minnick
                                   Hannah A. Bogen

                               *Attorneys for Plaintiffs*