UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:17-cv-04360-SB-E | Date: | June 23, 2021 |
|---|---|---|---|

| Title: | *Finsa Portafolios, S.A. de C.V., et al. v. OpenGate Capital, LLC, et al.* |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** ORDER RE: FURTHER PRETRIAL FILINGS AND JOINT STIPULATION TO SET PRETRIAL CONFERENCE (Dkt. No. 357)

   A pretrial conference was held on June 22, 2021 at 8:30 a.m. The Court conferred with counsel about issues related to the governing law in this case and Federal Rule of Civil Procedure 44.1. The Court directed the parties to provide briefing on the following choice-of-law issues (as more fully discussed at the conference):

1. Whether Defendants have waived their right to invoke Mexico law under the governmental interest test by failing to timely raise it as required by Rule 44.1.

2. Whether the choice-of-law clause, as interpreted under Mexico law, would apply to the named Defendants and the claims asserted in this case.[1]

3. If the choice-of-law clause does not apply for any reason (e.g., under principles of waiver or the application of Mexico law), what law applies under the governmental interest test—California law or Mexico law?[2]

4. If Mexico law applies under the governmental interest test, what body of Mexico law governs?

5. Whether the Court applies the governmental interest test separately for the statute of limitations issue.[3]

The briefs must be no more than 12 pages in length and filed by no later than **close of business on Friday, June 25, 2021**, with a Word copy sent to Chambers email.

In addition, the legal expert for each party should provide an all-inclusive declaration that sets forth the applicable Mexico law and applies it to the issues raised by the parties in this case, including the statute of limitations and the fraud claim. Each declaration should provide sufficient information to support proposed jury instructions applying Mexico law (e.g., the elements of the claim(s) and the applicable damages principles). The declarations should be filed, and a Word copy sent to Chambers email, by no later than **close of business on Friday, June 25, 2021**.

The Court further vacated the June 28, 2021 trial date and set a second pretrial conference for the following week. The parties were advised that the Court would require remote testimony from their respective experts on Mexico law at that conference, unless one or both were unavailable, in which case the Court would reschedule the hearing. After conferring with their experts, the parties

---

[1] This is a shorthand reference to the issues raised by Alfonso M. López-Melih in his declaration dated March 9, 2021. *See* Dkt. No. 188-13 ¶¶ 4-5.

[2] The parties should address the case of *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012), among other applicable authority.

[3] *See Brady v. Brown*, 1995 WL 120657, at *1 (9th Cir. Mar. 21, 1995) (focusing on the governmental interests of California and Mexico in the application of their respective statute of limitations).

stipulated to hold the hearing on June 29, 2021 at 8:30 a.m. Dkt. No. 357. The Court approves that stipulation.

The parties were also advised that, following the June 29, 2021 pretrial conference, they would be ordered to provide revised or supplemental filings, including those described in more detail below:

- Unsealing Order. The parties will be directed to justify the continued propriety of the sealing order as it applies to each item of currently sealed evidence or redacted briefing.

- Joint Witness List. The parties will be directed to file a single joint witness list including: (1) the name of the witness; (2) the manner of their testimony (live or by designated deposition testimony); (3) the party calling the witness for direct examination; and (4) the estimated duration and subject matter of that witness's testimony on both direct and cross examination.

- Deposition Designations. If the parties intend to present any evidence by way of deposition testimony, they will be required to provide to the Court designated deposition transcripts in accordance with Local Rule 16-2.7. Only a single transcript may be filed for each witness, and it must contain designations, counter-designations, and objections as directed in the Local Rules.

- Revised Joint Exhibit List. The parties will be required to file a revised joint exhibit list. The revised joint exhibit list should only contain exhibits a party reasonably expects to offer into evidence during trial.

  The following information must accompany each exhibit on the joint list: (1) the exhibit number; (2) a short description of the exhibit; (3) what element(s) of the claims at issue the exhibit serves to prove or disprove; (4) what witness will sponsor the exhibit at trial; and (5) whether the exhibit's admissibility has been stipulated to by the parties.

  The Court has received objections to hundreds of exhibits. The parties will be ordered to meet and confer to discuss all objections, exhibit by exhibit, and provide a declaration by counsel certifying compliance with the order. If any party objects to an exhibit on the joint list, the objecting party must also include a paragraph explaining: (1) what portion(s) of the exhibit are being objected to; (2) the legal rule rendering the exhibit inadmissible; and (3) argument citing case law in support of excluding the exhibit. In response

to the objection, the party purporting to offer the exhibit into evidence must provide a responding paragraph explaining (using case law) why the exhibit is admissible.

The Court will address the due date for the supplemental filings above at the continued pretrial conference.