UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No.: 2:17-cv-04360-SB-E | Date: September 9, 2021 |

| | |
|---|---|
| Title: | *Finsa Portafolios, S.A. de C.V., et al. v. OpenGate Capital, LLC, et al.* |

| | |
|---|---|
| Present: The Honorable | **STANLEY BLUMENFELD, JR., U.S. District Judge** |

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**  ORDER ON MOTION FOR SUMMARY JUDGMENT (Dkt. No. 369) AND APPLICATION TO FILE MATERIALS UNDER SEAL (Dkt. No. 370)

   Plaintiffs Finsa Portafolios, S.A. de C.V. and FINSA CKD M Fideicomiso CIB 2017 purchased commercial property in Mexico from and leased it back to subsidiaries of Defendants OpenGate Capital, LLC (n/k/a AKN Holdings, LLC) and Open Publishing, LLC in late 2014.  Defendants' subsidiaries promptly defaulted and never paid any rent to Plaintiffs.  Plaintiffs filed this suit in 2017 and now allege causes of action against both Defendants for fraudulent representations and fraudulent concealment.  Dkt. No. 85.  Following a tortured procedural history that included visits to the Ninth Circuit and Mexican courts, this Court concluded that the law of Mexico, rather than California, governs and reopened the motion deadline to allow the parties to address whether Plaintiffs' claims are barred by the statute of limitations in Article 1510 of the Civil Code of the state of Tamaulipas (CCT).  Dkt. No. 368.  Defendants now move for summary judgment, arguing that Plaintiffs' claims are untimely, and also request the sealing of various documents related to their motion.  Dkt. Nos. 369, 370.  Because Plaintiffs filed suit far more than a year after the alleged fraudulent acts were committed, Defendants are

entitled to summary judgment, but the Court denies Defendants' request to seal and will revisit the extensive sealing already allowed in this case.

## DISCUSSION

The complex factual and procedural history of this case are familiar to the parties and have already been recounted in the Court's prior orders entered on May 14 and July 16, 2021. Dkt. Nos. 254, 368. Although the parties produce hundreds of pages of evidence and objections, the facts necessary for resolution of the statute of limitations question are simple and undisputed.[1] Plaintiffs' First Amended Complaint alleges two causes of action, both of which allege that Defendants made fraudulent representations or omissions in order to induce Plaintiffs to enter into the December 2014 sale-leaseback transaction. Dkt. No. 85 ¶¶ 34-46. It is undisputed that all three contracts involved in the transaction—the Purchase, Lease, and Guaranty Agreements—were executed on December 11, 2014. Dkt. No. 371-2, Joint Appendix of Facts at SUF 5, 12, 13. Plaintiffs filed this suit on June 12, 2017, two and a half years later. Dkt. No. 1. Although Plaintiffs argue that Defendants engaged in various additional continuing misconduct over the years following the December 2014 transaction, none of that conduct could have induced Plaintiffs to execute the December 2014 contracts so as to give rise to the fraud claims they allege.

Based on these facts, Defendants argue that the one-year statute of limitations in Article 1510 of the CCT entitles them to summary judgment. In response, Plaintiffs argue that (1) the statute of limitations defense is unavailable to Defendants because Plaintiffs would be severely prejudiced by the application of an unpled affirmative defense at this stage of the litigation, (2) applying Article 1510 violates principles of alienage jurisdiction, (3) fact issues regarding when the statute of limitations began to run preclude summary judgment, and (4) Plaintiffs require additional discovery to respond to the statute of limitations defense.[2]

---

[1] There is thus no need to reach Defendants' numerous evidentiary objections, which are OVERRULED as moot.

[2] Plaintiffs also argue that the Court should unseal the entire record in this case. This argument will be addressed in connection with Defendants' motion to seal.

A. **Legal Standard**

Summary judgment is appropriate where the record, taken in the light most favorable to the opposing party, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. The moving party has the initial burden of establishing that there are no disputed material facts. *Id.* at 256. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed." Fed. R. Civ. P. 56(e)(2). Furthermore, "Rule 56[(a)] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A court "may limit its review to the documents submitted for the purposes of summary judgment and those parts of the record specifically referenced therein," *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1030 (9th Cir. 2001), and may only consider admissible evidence, Fed. R. Civ. P. 56(e). Arguments based on conjecture or unfounded belief do not raise a genuine issue of material fact. Moreover, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *R.W. Beck & Assocs. v. City & Borough of Sitka*, 27 F.3d 1475, 1481 n.4 (9th Cir. 1994) (citing *Anderson*, 477 U.S. at 249).

B. **Statute of Limitations**

In its Order on July 16, 2021, the Court extensively analyzed the choice of law issues in this case. Dkt. No. 368. The Court concluded that this case is governed by Mexico law, including the statute of limitations in Article 1510 of the CCT. That Article provides in relevant part:

> The statute of limitation is one year for . . . civil liability arising from actions that do not constitute crimes. The statute of limitation starts from the day [on] which the actions were verified.

CCT, Art. 1510 (translated by Massas, Dkt. No. 164-7 ¶ 4 (March 3, 2021)).  As the Court found in its July 16 choice of law ruling, the best interpretation of this statutory language is that the statute starts to run on the day when the alleged fraudulent acts are committed, regardless of whether the victim has notice of the misconduct.  See *Brady v. Brown*, 50 F.3d 13, *2 (9th Cir. 1995) (unpublished (limitations period in Article 1161(V) of the Civil Code of Mexico, which contains identical language, "begins to run at the time the alleged fraudulent acts are performed"); Dkt. No. 369-3 at JAE 72 (excerpt of Mexican Civil Code Annotated explaining that period of limitations under Article 1161(V) "begins from the day the acts were committed"); *accord* Zamora, et al., Mexican Law 530 (Oxford University Press 2007).

The application of the statute of limitations is straightforward.  The factual allegations in Plaintiffs' First Amended Complaint focus on Defendants' actions from 2012 through the December 2014 closing and on Defendants' immediate default in early 2015.  They allege the following fraudulent representations:

a. On July 7, 2014, OpenGate employee Virginia Thornton provided FINSA with false financial forecasts for Hamilton Scientific, projecting significant growth for Hamilton Scientific's revenue through 2016.

b. On July 29, 2014, OpenGate employee Jack Roberts provided FINSA with false details regarding Hamilton Scientific's growth strategies going forward.

c. On December 11, 2014, final sale-lease back agreements between FINSA and Hamilton Scientific were signed.  At this time, Defendants, through their subsidiary Hamilton Scientific, represented that there was no litigation involving the Property.  In fact, Defendants were, at the time the representations were made, actively involved in litigation over the Property.

Dkt. No. 85 ¶ 35.

The core allegations of fraudulent concealment likewise occurred in 2014.  Indeed, Plaintiffs allege that the above misrepresentations were "coupled with the following material omissions" that "were intended by Defendants to induce FINSA to enter into the sale-lease back transaction":

      a.    Defendants failed to disclose the Thermo Fisher Action and the facts underlying OpenGate's claims in that action.

      b.    Defendants failed to disclose the true facts regarding the financial condition and projections for OpenGate's lessee subsidiary, the guarantor, Hamilton Scientific, and the Property.

      c.    Defendants failed to disclose the fact that OpenGate intended to transfer as much as possible of the $15.1 million that OpenGate's subsidiary had received from FINSA to OpenGate and its principals, and then shut down Hamilton Scientific, when it designated Hamilton Scientific as the guarantor for the ten-year lease.

*Id.* ¶ 41. These alleged failures to disclose occurred in 2014.

     Upon addressing fraudulent concealment, the pleadings do refer to the 2017 bankruptcy proceedings, but the reference is in the context of the alleged fraudulent scheme to induce Plaintiffs to enter into the sale-leaseback transaction in 2014. Plaintiffs allege that Defendants intended from the outset "to strip [their contracting subsidiaries] of their assets and place them into bankruptcy without any recourse by FINSA against OpenGate." *Id.* ¶ 43; *see also id.* ¶ 1 (alleging that OpenGate "makes material misrepresentations to unsuspecting buyers and creditors to obtain funds knowing that it will cause subsidiaries to transfer those funds to OpenGate and then default on their future performance" and knowing that it will "place[] the sham and shell subsidiaries into bankruptcy in an effort to prevent recourse by the defrauded purchasers and creditors"); *id.* ¶ 2 (same).

     Thus, Defendants' alleged fraudulent representations and omissions necessarily were committed no later than December 2014, when Plaintiffs relied on them in executing the sale-leaseback transaction. *See, e.g.*, *id.* ¶ 36 (alleging in Count One that "Defendants knew that each of these representations was false, and the representations were made with the intent to induce reliance by FINSA so that FINSA would agree to the terms of the sale-lease back transaction"); *id.* ¶ 44 (alleging in Count Two that "[h]ad FINSA been aware of the facts that were concealed, all of which were material to the transaction, FINSA would not have entered into the transaction"). Plaintiffs therefore had until December 2015 at the

latest to file their fraud claims. Because they waited until June 2017, their claims are barred by Article 1510.³

Plaintiffs insist that Defendants are precluded from relying on the statute of limitations because they did not plead it as an affirmative defense in their answer and Plaintiffs are prejudiced by its introduction after years of litigation. Defendants did seek leave to amend their answer in March 2021, Dkt. No. 164, but the Court denied the motion as untimely and futile in light of its conclusion in May 2021 that California law, rather than Mexico law, governed. Dkt. No. 254 at 7 n.5.⁴ However, the Court upon reconsidering the choice of law issue later clarified at the June 29 status conference that it had not held the statute of limitations defense waived and that Plaintiffs "should prepare the choice of law proceeding on the assumption that I have not fully found that they have waived it." Dkt. 361 at 33:20-22. Upon determining that Mexico law applied, the Court reopened the motion deadline for the express purpose of "addressing the question whether Article 1510 of the CCT bars Plaintiffs' claims." Dkt. 368 at 18. Thus, the Court's rulings put Plaintiffs on notice of the need to address the statute of limitations defense, even though the Court never formally permitted Defendants to file their amended answer.

Regardless, "absent prejudice to the plaintiff, a defendant may raise an affirmative defense in a motion for summary judgment for the first time." *Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir. 1984) (holding statute of limitations was not waived by defendant's failure to plead it as affirmative defense); *accord Owens v.*

---

³ Although the statute of limitations under Article 1510 runs from the date of the fraudulent act rather than the date of discovery, the evidence strongly establishes that Plaintiffs were aware of the alleged fraud very soon after the transaction was completed, and even explored the possibility of a criminal action as early as March 2015. Dkt. No. 239-3. Thus, Plaintiffs' claims would be time-barred even if a discovery rule applied.

⁴ The Court summarily addressed the request to amend because of its conclusion about the choice of law as presented by Defendants. As the Court subsequently explained in its July 16 Order, however, the parties—particularly Defendants—have made a mess of the choice of law issues in this case. *See* Dkt. No. 368 at 4-5. And, in retrospect, this Court should have initiated a Rule 44.1 hearing sooner after receiving the transfer of this case, particularly when it became obvious that the parties were not going to cooperate among themselves to properly frame the issues for decision.

*Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) ("A defendant may thus raise an affirmative defense for the first time in a motion for judgment on the pleadings, but 'only if the delay does not prejudice the plaintiff.'") (citation omitted). Plaintiffs argue that they are prejudiced by consideration of Article 1510 because they did not have fair notice to be able to rebut the defense and because they extensively litigated this case on the assumption that California law applied. However, as a matter of law, a party is not prejudiced by a late assertion of a statute of limitations defense "because the limitations rule, if applicable, would be effective at the outset of [the] suit." *Wyshak v. City Nat. Bank*, 607 F.2d 824, 826 (9th Cir. 1979); *cf. Owens*, 244 F.3d at 713 ("Appellants may not demonstrate prejudice based solely on the untimely assertion of res judicata because this affirmative defense would have been dispositive had Kaiser asserted it when the action was filed.") (citing *Wyshak*, 607 F.2d at 826). Moreover, because the alleged fraud was committed well more than a year before Plaintiffs filed suit, and because the material facts are apparent from the face of the First Amended Complaint, earlier notice of the defense or more opportunity for discovery would make no difference to the fact that Plaintiffs' claims are clearly time-barred under Mexico law.

For similar reasons, Plaintiffs' arguments that fact issues preclude summary judgment or that more discovery is needed before ruling are unavailing. Plaintiffs depend on a different interpretation of the word "verified" in Article 1510 than the one adopted by the Court and focus on post-2104 illicit acts allegedly committed by Defendants, including the improper use of bankruptcy proceedings in 2017 to prevent Plaintiffs from accessing the proceeds of the fraud. But such acts, even if illicit, do not constitute the fraud pled by Plaintiffs. As observed above, Plaintiffs' causes of action allege that Defendants made various fraudulent misrepresentations or omissions in order to induce Plaintiffs to enter into the sale-leaseback transaction. Once that transaction was complete, the fraud was complete. Any actions taken by Defendants thereafter to impede Plaintiffs' recovery may have been wrongful, but Plaintiffs have not alleged or asserted any claim that such actions were intended to and did in fact induce further detrimental reliance. On the contrary, Plaintiffs have alleged that the wrongful acts occurred pursuant to a fraudulent inducement scheme in 2014. Thus, there are no fact issues to preclude summary judgment, and Plaintiffs' Rule 56(d) request for more time to conduct additional discovery is denied as futile. *See Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (party requesting delay under Rule 56(d) must show, among other things, that "the sought-after facts are essential to oppose summary judgment").

Plaintiffs' final argument in opposition to summary judgment is that applying Article 1510 would violate the principles of alienage jurisdiction in Article III of the United States Constitution and 28 U.S.C. § 1332(a)(2) because the application of the stricter statute of limitations under Mexico law deprives foreigners of recourse under California law against California fraudfeasors. Plaintiffs cite no authority applying these jurisdictional provisions to preclude application of a foreign statute of limitations defense. Moreover, as the Court explained in its July 16 choice of law ruling, California law would apply the Mexico statute of limitations in any event, so Plaintiffs are not being improperly deprived of the benefits of California law. Dkt. No. 368 at 13-14 (explaining application of Cal. Code Civ. P. § 361).

Because Plaintiffs did not file this suit within a year after Defendants' fraudulent acts were committed, Plaintiffs' claims are barred by the statute of limitations in Article 1510 of the CCT, and Defendants are entitled to summary judgment.

### C. Sealing

Defendants also seek leave to file under seal part or all of eight summary judgment exhibits and portions of the joint brief and joint appendix of facts, which they state "contain confidential and proprietary information relating to the business of Defendants and their portfolio companies." Dkt. No. 370 at 2. Although Plaintiffs did not file a response in opposition to Defendants' motion, they argue in their summary judgment briefing that the entire record in this case should be unsealed. Dkt. No. 371-1 at 42.

There is a "strong presumption" in favor of public access to court records, which a party seeking to seal judicial records can overcome only by providing "sufficiently compelling reasons" that override the public policies favoring disclosure. *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (citation omitted). The Court at the June 22 status conference expressed concern that sealing has been overused in this case and contemplated issuing "a complete unsealing order, where I'm going to unseal everything, and the burden is going to be on you in a very detailed way to convince me that the evidence and information you want concealed from the public, ought to be concealed." Dkt. No. 361 at 37:3-7. Defendants' request for additional sealing, along with Plaintiffs' request to unseal the entire record, reinforce the need to review the extensive sealing that has already been allowed.

In order to efficiently determine which, if any, of the filings in this case should remain sealed despite the strong presumption of public access, Defendants **no later than September 24, 2021** shall provide to Plaintiffs a complete list of every item in the record that Defendants contend should be sealed, together with their particular reasons as to each specific item for believing that sealing is necessary and justified. Plaintiffs **no later than October 1, 2021** shall inform Defendants of whether it agrees or disagrees as to each item, and for any item as to which Plaintiffs disagree that sealing is appropriate, the specific reasons for their disagreement. The parties **no later than October 5, 2021** shall file a joint report indicating their respective positions as to each item that Defendants believe should remain under seal.

## CONCLUSION

The Court finds that summary judgment is appropriate for Defendants on all of Plaintiff's claims. Accordingly, the Court **GRANTS** Defendants' Motion for Summary Judgment (Dkt. No. 369). A Final Judgment will be entered separately.

The parties **no later than October 5, 2021** shall file their joint report on whether any filings in this case should remain under seal, and the Court retains jurisdiction to determine whether any documents should be sealed or unsealed. Defendants' application for leave to file materials under seal (Dkt. No. 370) is therefore **DENIED** as moot.